IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| JEANNE MARIE BLEVINS, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action File No.: |
| | ) | |
| v. | ) | |
| | ) | |
| CRMG, LLC | ) | **COMPLAINT WITH** |
| | ) | **JURY TRIAL DEMAND** |
| Defendant. | ) | |
| | ) | |

## PRELIMINARY STATEMENT

This action for damages is based upon the Defendant's overt and intentional, unlawful conduct in the furtherance of its efforts to collect a consumer debt. The Defendant's conduct is in violation of the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. 1692 et seq. and the Georgia Fair Business Practices Act, (GFBPA) O.C.G.A. 10-1-390 et seq.

## PARTIES

1. Plaintiff, Jeanne Marie Blevins, is a natural person who resides in Gwinnett County, Georgia.

2. Defendant, CRMG, is a limited liability company that does business, but is not registered to do business, in Georgia. Defendant may be served with

1

process via its CEO, David P. Morgan Sr. 528 Elmwood Avenue, Buffalo, New York 14222.

## JURISDICTION AND VENUE

3. This Court has federal question jurisdiction over Plaintiff's Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, et seq., claims pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1692k(d). This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

4. This Court has personal jurisdiction over Defendant because, inter alia, Defendants frequently and routinely conducts business in the State of Georgia, including the conduct complained of herein.

5. Pursuant to 28 U.S.C. § 1391, venue is proper in the Northern District of Georgia because a substantial part of the events or omissions giving rise to the claims occurred in this district.

6. Pursuant to LR 3.1B(3), venue is proper in the Atlanta Division.

## FACTUAL ALLEGATIONS

7. Plaintiff is allegedly obligated to pay a consumer debt arising out of credit card account used for personal goods and services and is therefore, a "consumer", as that term is defined by 15 U.S.C. § 1692a(3).

8. Defendant is a collection agency specializing in the collection of consumer debt.

9. Defendant uses interstate commerce and/or mail in its business in the collection of consumer debts.

10. Defendant manages, and collects upon, thousands of consumer debt accounts annually.

11. Defendant is, therefore, a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

12. The Plaintiff has fallen behind on a significant number of consumer debts, mostly medical expenses, over the last few years.

13. For the last several months, the Plaintiff has been receiving collection calls and letters from a number of parties, including the Defendant.

14. Plaintiff received a letter dated June 25, 2020, from the Defendant and reportedly signed by "Jeremiah Zack".  A copy of this letter is filed herewith as Exhibit 1.  The letter states in bold type that it is a "**FINAL SETTLEMENT**".  The Defendant advises the Plaintiff that it is collecting on a debt originating with Credit One Bank, NA in the amount of $1,384.48 and it is making a settlement offer to the Plaintiff, that is purportedly "final" of $830.69.

15. The Defendant's letter goes on to advise the Plaintiff that the status of her account has changed and it is "now under final review to determine our last legal option" and that the Plaintiff must resolve the matter "immediately" to avoid accelerated collection efforts and "further damage to her credit".

16. The Plaintiff understood this paragraph to mean that the Defendant was in a position to pursue legal process to effectuate collection and that it was in that decision-making process as of June 25, 2020. She also understood the paragraph to mean that the Defendant was already causing damage to her credit rating through negative tradeline reporting and that it was poised to increase that damage.

17. The Defendant's letter goes on to state that the Defendant was providing the Plaintiff an opportunity to close out her account "voluntarily". This reinforced in the mind of the Plaintiff that suit and involuntary collection was imminent.

18. The Defendant's letter further advised the Plaintiff that upon payment she would receive a "paid letter" to update and improve her credit score. The Plaintiff understood this to mean that it was incumbent upon her to provide this letter to credit reporting agencies and that it would, as represented by Defendant, "improve her credit score". Finally, Defendant advised that this settlement offer expired in 24 hours. As Plaintiff did not receive the letter until several days after June 25, 2020,

she assumed that this "personalized settlement offer", had already expired and that, again, litigation was imminent.

19. On June 25, 2020, the Plaintiff obtained a copy of her credit report as published by TransUnion, Experian, and Equifax, the three predominant credit reporting bureaus in the United States. Those reports revealed that Defendant was not then reporting the account to any of these credit reporting agencies contrary to the representations and inferences in its letter.

20. Upon information and belief, Credit One Bank does not currently maintain an open account matching the account number and balance described by the Defendant in its letter.

21. The Defendant is not the owner or holder of the debt in collection. It does not have the authority to institute litigation or to make a determination as to whether litigation is appropriate.

22. The Defendant has not identified the owner or the holder of the debt, thus leaving the Plaintiff in a position in which she does not have any idea to whom the account is actually owed.

23. Credit reporting is governed by 15 U.S.C. § 1681 et seq., the Fair Credit Reporting Act (FCRA).

24. Contrary to the representations of the Defendant the FCRA does not provide for the submission by a consumer of a "paid letter" that results in deletion of an otherwise accurate, if negative, tradeline and the automatic increase in a consumer's credit score.

## INJURIES-IN-FACT

25. The FDCPA provides consumers with "statutorily-created rights to be free from 'being subjected to false, deceptive, unfair, or unconscionable means to collect a debt.'" *McCamis v. Servis One, Inc.*, No. 8:16-CV-1130-T-30AEP, 2016 U.S. Dist. LEXIS 99492 (M.D. Fla. July 29, 2016); *Church v. Accretive Health, Inc.*, 654 Fed. Appx. 990, 2016 U.S. App. LEXIS 12414, 2016 WL 3611543 (11th Cir. 2016).

26. An injury-in-fact sufficient to satisfy Article III standing requirements "may exist solely by virtue of statutes creating legal rights, the invasion of which creates standing." *Church*, at 993, quoting *Havens Realty Corp. v. Coleman*, 455 U.S. 363, 373, 102 S. Ct. 1114, 71 L. Ed. 2d 214 (1982).

27. Violation of statutory rights are not a "hypothetical or uncertain" injury, but one "that Congress has elevated to the status of a legally cognizable injury through the FDCPA." *McCamis*, at 4, citing *Church*, at 3.

28. The false representations and threats by the Defendant negatively impacted the Plaintiff's ability to analyze her financial position, prioritize possible payments, and otherwise engage in decision-making.

29. Defendant is subjecting Plaintiff to false, deceptive, unfair, and unconscionable means to collect the debt.

30. Accordingly, through the violation of Plaintiffs' statutorily created rights under the FDCPA, Plaintiffs have suffered an injury-in-fact sufficient to establish Article III standing.

## DAMAGES

31. As a result of the Defendant's actions and/or omissions, Plaintiff has suffered actual damages, including but not limited to the following:

    a.) Being subjected to false, deceptive, unfair, and unconscionable debt collection practices;

    b.) Uncompensated time expended away from work and/or activities of daily living, to confer with counsel regarding the Defendant's collection efforts;

    c.) Anxiety and fear that she was certain to be sued soon after receiving the Defendant's letter;

d.) Anxiety and worry caused by concern that Defendant was negatively reporting her account to credit bureaus and was preparing to increase that harm; and

e.) The anxiety and worry experienced by the Plaintiff was sufficient to negatively affect her demeanor, her ability to engage in daily activities, resulted in sleeplessness, and adversely affected her relationships with others.

## CAUSES OF ACTION

## COUNT I

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

## 15 U.S.C. § 1692 et. seq.

32. Plaintiff incorporates by reference paragraphs 1 through 31 as though fully stated herein.

*Violations of 15 U.SC. § 1692e and its subparts*

33. 15 U.S.C. § 1692e specifically prohibits the use of any false, deceptive, or misleading representations or means in connection with the collection of any debt.

34. The use of "or" in § 1692e means a representation violates the FDCPA if it is false or deceptive or misleading. *Bourff v. Rubin Lublin*, LLC, 674 F.3d 1238, 1241 (11th Cir. 2012).

35.     The standard in determining the nature of any such representation is that of the "least sophisticated consumer." Its purpose is to protect "naive consumers" with a minimal understanding of personal finance and debt collection. *LeBlanc v. Unifund CCR Partners*, 601 F.3d 1185, 1194 (11th Cir. 2010) (per curiam).

36.     Moreover, the least sophisticated consumer is not to be held to the same standard as a reasonably prudent consumer. The least sophisticated consumer, though not unreasonable, is "ignorant" and "unthinking," "gullible," and of "below-average sophistication or intelligence," *Pinson v. JPMorgan Chase Bank, Nat'l Ass'n*, No. 16-17107, 2019 U.S. App. LEXIS 33662, at 12-13 (11th Cir. Nov. 12, 2019), quoting *Clomon v. Jackson*, 988 F.2d 1314, 1318 (2d Cir. 1993)

37.     A false representation in connection with the collection of a debt is sufficient to violate the FDCPA, even if it is not alleged or proven to be misleading or deceptive.

38.     Defendant's representations or implications that led Plaintiff to believe that she may be subject to legal process in connection with the debt in collection was objectively false and or materially misleading and a violation of 15 U.S.C. § 1692e, e(5) and e(10).

39. Defendant's representations or implications that led Plaintiff to believe that Defendant, as opposed to the holder of the debt, would make any decision regarding legal process was objectively false and or materially misleading in that the Defendant does not have the authority or legal standing to bring litigation against the Plaintiff. In addition, Defendant has never authorized or pursued litigation on a claim as small as that which it is seeking to collect from the Plaintiff. Defendant's representations were a violation of 15 U.S.C. § 1692e, e(5) and e(10).

40. Defendant's representations and implications that its issuance of a "paid letter" would result in the update of the Plaintiff's credit report and "improve" her credit score was objectively false and materially misleading and a violation of 15 U.S.C. 1692e, 1692e(10).

41. Defendant's representation that the Plaintiff's personalized settlement offer expired in 24 hours was a false and misleading deadline leading the Plaintiff to believe it had expired before the letter had any chance of reaching her. The Plaintiff's representation violated 15 U.S.C. §§1692e, and1692e(10).

***Violations of 15 U.SC. § 1692f and its subparts***

42. The conduct of the Defendant as described herein was unfair and unconscionable. It preyed upon the perceived weaknesses, fear, and lack of sophistication of the Plaintiff.

43. Defendant's conduct violated 15 U.S.C. § 1692f.

## COUNT II

## VIOLATIONS OF THE GEORGIA FAIR BUSINESS PRACTICES ACT

## O.C.G.A. § 10-1-390, et seq.

44. Plaintiff incorporates by reference paragraphs 1 through 19 as though fully stated herein.

45. O.C.G.A. § 10-1-390 et seq is commonly known as the "Fair Business Practices Act of 1975" (the "GFBPA").

46. The purpose of the GFBPA, is to protect consumers from unfair and/or deceptive practices in the conduct of any trade or commerce in part or wholly in the state. O.C.G.A. § 10-1-391.

47. O.C.G.A. § 10-1-391 directs that the GFPBA is to be interpreted and applied liberally and in harmony with the Federal Trade Commission Act, 15 U.S.C. § 45(a)(1), which implements the FDCPA.

48. O.C.G.A. § 10-1-393(a) of the GFBPA broadly prohibits unfair and/or deceptive business practices.

49. Defendant intentionally engaged in unfair and deceptive business practices, as set forth herein, in an effort to collect a consumer debt.

50. Defendant's conduct has implications for the consuming public in general.

51. Defendant's conduct negatively impacts the consumer marketplace.

52. Upon information and belief, Defendant does not maintain a place of business in Georgia and has no assets in Georgia, thus relieving Plaintiffs of the Notice and Demand requirements of O.C.G.A. § 10-1-399(b).

53. As a result of Defendant's violations of O.C.G.A. § 10-1-393(a), Plaintiff is entitled to recover general damages pursuant to O.C.G.A. § 10-1-399(a).

54. As a result of Defendant's intentional violations of O.C.G.A. § 10-1-393(a), Plaintiff is entitled to recover exemplary damages pursuant to O.C.G.A. § 10-1-399(a).

55. As a result of Defendant's intentional violations of O.C.G.A. § 10-1-393(a), Plaintiff is entitled to recover treble damages pursuant to O.C.G.A. § 10-1-399(c).

56. Plaintiff is entitled to recover reasonable attorney's fees and expenses of litigation pursuant to O.C.G.A. § 10-1-399(d).

## **TRIAL BY JURY**

57. Plaintiff is entitled to and hereby requests a trial by jury.

WHEREFORE, Plaintiff prays that judgment be entered against Defendant for:

a.) Plaintiff's actual damages;

b.) Statutory damages pursuant to 15 U.S.C. § 1692k;

c.) Reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k

d.) General, exemplary, and treble damages pursuant to O.C.G.A. § 10-1-399(a) & (c);

e.) Reasonable attorney's fees and costs pursuant to O.C.G.A. § 10-1-399(d); and

f.) Such other and further relief as may be just and proper.

Respectfully submitted this 2nd day of September, 2020.

**BERRY & ASSOCIATES**

*/s/ Matthew T. Berry*
Matthew T. Berry
Georgia Bar No.: 055663
*matt@mattberry.com*
2751 Buford Highway, Suite 600
Atlanta, GA 30324
Ph. (404) 235-3300
Fax (404) 235-3333

*Plaintiff's Attorney*